# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

E. GAIL LATRECHIANO,                      )
                                          )
      Plaintiff                      )
                                          )
      v.                             )   **Case No.:**
                                          )
GLOBAL CREDIT & COLLECTION               )   **COMPLAINT AND DEMAND FOR**
CORPORATION, INC.,                        )   **JURY TRIAL**
                                          )
      Defendant                      )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

E. GAIL LATRECHIANO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GLOBAL CREDIT & COLLECTION CORPORATION, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Telford, Pennsylvania, 18969.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with its corporate headquarters located at 300 International Drive, PMB 10015, in Williamsville, New York, 14221.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and it repeatedly contacted Plaintiff in an attempt to collect a debt.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.      The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.      In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt

- 2 -

collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff for a Capital One credit card account.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

- 3 -

17.    Beginning in or around July 2009 and continuing through August 2010, Defendant continuously and repeatedly contacted Plaintiff in attempt to collect an alleged consumer debt.

18.    Defendant and its employees, identified as "Jason" and "Stephanie Lee," repeatedly and continuously contacted Plaintiff on her home and work telephone numbers seeking and demanding payment for an alleged debt.

19.    Defendant contacted Plaintiff almost every day causing Plaintiff to receive, at times, more than two (2) collection calls a day, and at times, more than four (4) collection calls a day.

20.    As a result, Plaintiff received more than twenty (20) collection calls a month from Defendant.

21.    In addition, Defendant, through its employee "Jason," left a message on Plaintiff's answering machine threatening Plaintiff that if she did not return his call, Defendant would sue her.

22.    Further, when Plaintiff spoke with Defendant, Defendant belittled her, telling Plaintiff that she was wrong for paying her mortgage.

23.    Also, Defendant contacted Plaintiff at her place of employment.

24.    Plaintiff informed Defendant that she could lose her job as a result of Defendant's calls to her place of employment.

25.    However, Defendant ignored Plaintiff's instructions not to contact her at work and continued to contact her at her place of employment.

26.    In an effort to stop Defendant's continuous and repetitive calls, Plaintiff attempted to establish a payment plan with Defendant, but Defendant told her she was being

PLAINTIFF'S COMPLAINT

"uncooperative."

27.    In addition, Defendant, through its employee "Jason," contacted Plaintiff's neighbors, leaving messages on their answering machines requesting a return call about an account Plaintiff had with Capital One. See Exhibit A, statements from Plaintiff's neighbors.

28.    Plaintiff was embarrassed and humiliated by these messages, as Defendant disclosed debt information to her neighbors.

29.    To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action previously threatened.

30.    Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

31.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be

construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

33.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

34.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.    Defendant violated of the FDCPA generally;

    b.    Defendant violated §1692b(2) of the FDCPA by stating the Plaintiff owed a debt to another person, specifically her neighbors;

    c.    Defendant violated §1692c(a)(3) of the FDCPA when it contacted the Plaintiff at her place of employment after Defendant knows or has reason to know that Plaintiff's employer prohibits Plaintiff from receiving such

- 6 -

PLAINTIFF'S COMPLAINT

communication;

d.  Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's neighbors about a debt alleged to be owed by Plaintiff without Plaintiff's prior consent;

e.  Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

f.  Defendant violated §1692d(5) of the FDCPA when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

g.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

h.  Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

i.  Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

j.  Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

k.  Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, E. GAIL LATRECHIANO, respectfully pray for a judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

- 7 -

PLAINTIFF'S COMPLAINT

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, E. GAIL LATRECHIANO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

DATED: 4/11/11

- 8 -

I, MaryRenner, residing at                                         verify by this letter that I received a voicemail on my recorder from a Jason of Global Collections Company for Capital One Credit Card. This voicemail was for my neighbor, Gail LaTrechiano. It was about needing a return call about an account Gail had with Capital One. It wasn't until I was at their home one evening, as I am new to the neighborhood, and did not know their last name but asked them that evening what their last name was that I realized who this message was for. I told Gail there was a voicemail on my machine for Gail and she told me to erase it. I know this was embarrassing to Gail as it was quite obvious what this call was about and that global was a collection agency. Mary stated that the man, Jason, she could not understand his last name was very threatening and intimidating. Gail told me she was trying to work with them (Global) but he kept saying she would not pay. Finally Gail stated she would take care of this.

_____                    09/02/2010
                    Mary Renner

I, Gail LaTrechiano, found this situation most embarrassing to have my finances shared with my neighbors. This should never have happened. I was trying to work with Global but also told them I was interested in negotiating with Capital One since they were adding fraudulent charges to the account. This may have spurred this contention that Jason of Global has with me. After contacting Global and talking with a Stephanie Lee she admitted they had these phone numbers of my neighbors and also one in Virginia. When I called this gentleman he told me he had indeed been contacted by Global about my account. This was totally mishandled and led to much embarrassment on my part.

_____                    9/02/2010
                    Gail LaTrechiano

We, Camille Peters and Bill McIntyre, residing at                            verify by this letter that we received a voicemail from a man from Global Collections Agency company for Capital One Credit Card. This voicemail was for Gail LaTrechiano, who is our next door neighbor. We called her over to listen to the message prior to canceling it on our phone. Jason ??? of Global was very intimidating and nasty on this message. Once Gail listened to the message she told us to erase it as she was handling the situation. She then left our home and returned next door to her home.

_____                    09/02/2010
                    Camille Peters

_____                    09/02/2010
                    Bill McIntyre

PLAINTIFF'S EXHIBIT

A

ALL-STATE LEGAL